Ronald A. DeSantis
1321 Franklin Avenue
Ocean, NJ  07712
(908) 309-5567

RECEIVED
FEB 1 3 2008
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

*[signature: R.ll A DSt]*

RONALD A. DESANTIS,

        Plaintiff,

  - against -

KAHALA CORP. INC.
IT'S OFFICERS; DIRECTORS;
SHARE/STOCK HOLDERS; AND
OWNERS;
COLD STONE CREAMERY INC.
IT'S OFFICERS; DIRECTORS
SHAR/ STOCK HOLDERS
AND OWNERS;
COLD STONE CREAMERY LEASING
COMPANY, INC.
IT'S OFFICERS, DIRECTORS;
SHARE/STOCK HOLDERS;
AND OWNERS;

        Defendant(s).

_____/

Civil Action No.: 08-752/FLW

**COMPLAINT**

**JURY TRIAL DEMANDED**

**NOW COMES**, Ronald A. DeSantis, the plaintiff, pro se' in the above entitled matter (at all times hereafter referred to as plaintiff) and who does hereby Respectfully file this Instant Federal Complaint against the Defendant(s) named in the above entitled matter and in support thereof states and alleges as follows.

## STATEMENT OF THE CASE

That this lawsuit by the plaintiff arises from his purchase of a Cold Stone Creamery Franchise, which the plaintiff purchased with his personal funds and collateralized with his personal property given the Franchisor, defendant Cold Stone Creamery, Inc. a personal guarantee.

That during the Franchisee, and Franchisor relationship, which was covered by a written agreement and subject to the New Jersey Franchise Practice Act, the plaintiffs Franchise suffered Financial Collapse and Ruin, caused by the Defendant(s) named in the above entitled matter who engaged in a systemic pattern and practice of Breach of Contract, Deceitful Business Practices, Fraud, Abandonment, Violations of the Written Franchise Agreement, and the New Jersey Franchise Practice Act, violating the plaintiffs substantial State and Federal rights.

That additionally, the Defendant(s) perpetrated their wrongful acts while engaging in Interstate Commerce in the sale of the Franchise using Interstate travel, mail, and wire, with the intent to defraud the plaintiff into investing in a local New Jersey based Franchise which they knew to be a bad investment, yet exploited the plaintiff in a two-week sales seminar located in Arizona with false and misleading information about the potential success of the Cold Stone Creamery Franchise, which they had sold to the plaintiff.

## COMPLAINT

## THE PARTIES

That Ronald A. DeSantis is a citizen of the United States of America and more than 18 years of age.

That Ronald A. DeSantis is the plaintiff in the above entitled matter and seeks a Jury Trial to determine any facts in dispute with respect to his Instant Complaint.

That the plaintiff is the principal owner of a Cold Stone Creamery Franchise purchased from the Defendant(s) at a cost of $377,000.00 for construction, and $40,000.00 for the purchase of Territorial Rights.

That the Defendant, Cold Stone Creamery Inc. is the Franchisor selling local Cold Stone Ice Cream Franchises throughout several states of the United States including the State of New Jersey.

That based upon information and belief, Cold Stone Creamery Inc. conducts business under other names and has its principal business offices located in the State of Arizona.

## JURISDICTION AND VENUE

1) That jurisdiction lies before this Honorable Court, wherein the controversy at Bar involves parties from two separate states and wherein the plaintiff seeks more than $75,000.00 in damages without any consideration of interest.

2) That venue lies within the geographical boundaries of this Honorable Court, wherein the plaintiff's principal Business location lies herein and the majority of the wrongs complained of occurred within the geographical boundaries of this Honorable Court, (See Title 28, § 1391).

3) That the plaintiff hereby invokes this Honorable Court to exercise its pendant jurisdiction over all State Claims made part of the Complaint and set forth more fully below.

## FACTS INTEGRAL TO ALL COUNTS

4) That the plaintiff is a *"Franchisee"* within the meaning of the New Jersey Franchise Practice Act, and;

5) That the Defendant(s) is a Franchisor within the meaning of the New Jersey Franchise Practice Act, and;

6) That the plaintiff purchased the Territorial Rights from the Defendant(s) for South Plainfield, New Jersey, Middlesex County, from

Defendant Cold Stone Creamery, Inc., sold by Defendant Franchisor for the sum of $40,000.00, in, on, or about early 2004, and;

7) That the Defendant(s) acting with intent, deceit and sinister, informed the plaintiff that they were negotiating leased property within the Territory, which the plaintiff had purchased the Territorial Rights, (South Plainfield, New Jersey, Middlesex County), and;

8) That from, in, on or about 2004 to in, on, or about 2006, the Defendant Franchisor acted with a scheme to defraud the plaintiff, never successfully negotiating the leased space, which they had identified to the plaintiff in 2004, and;

9) That in, on, or about, 2006 the Defendant Franchisor in the furtherance of their illegal scheme, while acting with intent, deceit and sinister, continued their systemic pattern, practice and scheme of fraud in notifying the plaintiff that they had a new property available within a different territory located in Union, New Jersey, and;

10) That the Defendant Franchisor, in, on, or about 2006, granted permission and authority for the plaintiff to surrender his Territorial Rights for a Cold Stone Creamery Franchise location in South Plainfield, NJ, Middlesex County, in exchange for the Territorial Rights in Union, New Jersey, where the Defendant Franchisor had a location for the plaintiff to commence building out his Cold Stone Creamery Ice Cream Franchise, and;

11) That following the exchange of Territorial Rights, as offered by the Defendant Franchisor and agreed to by the plaintiff, the plaintiff had a cost appraisal for the build out of his Cold Stone Creamery Franchise and the estimate was in the sum of ($500,000.00) FIVE HUNDRED THOUSAND DOLLARS, which was too expensive for the plaintiff to afford or finance, and;

12) That the plaintiff based upon information and belief, realizing that the Defendant(s) were in a practice of simply "*flipping*" Territorial Rights for self gain and profit, talked to an acquaintance who owned a Cold Stone Creamery Franchise located in Ocean Township, NJ and learned that he was willing to sell his Territorial Rights with a lease already executed on a property for a build out, and;

13) That the plaintiff executed an Asset Purchase Agreement with the owner of the Ocean Township Franchise and the approval of the Defendant Franchisor, and;

14) That the plaintiff financed the build out of the Ocean Township, Cold Stone Creamery Franchise, for the sum of ($377,000.00) THREE HUNDRED SEVENTY SEVEN THOUSAND DOLLARS, financed through the execution of a Small Business Administration Loan granted by Banco Popular, North America, and partially collateralized with the plaintiffs personal property to wit his residential family home, and;

15) That the plaintiff took an additional $40,000.00 in a home equity loan for operating capital, and;

16) That Phoenix Partners, Inc. a Management Agent for the Defendant(s) lead the plaintiff to believe that he would net approximately ($400,000.00) FOUR HUNDRED THOUSAND DOLLARS annually, and;

17) That the plaintiff opened his newly built Cold Stone Creamery Franchise on February 8, 2007, and;

18) That between the period of February 8, 2007 and February 8, 2008 his gross sales were approximately $280,000,00, and;

19) That the plaintiff was forced to continue operation in a deficit spending of approximately ($5,000.00) FIVE THOUSAND DOLLARS per month, with no profit whatsoever, and;

20) That the plaintiff also spent his personal funds in the sum of $36,000.00 for down payment costs and/or other related business costs, and;

21) That the plaintiff was mandated to attend an annual Marketing Convention sponsored by the Franchisor at a cost of $3,000.00 to the plaintiff, monies which came from plaintiffs personal funds, and;

22) That the plaintiff was forced to spend an additional $2,500.00 for two weeks of training by the Franchisor in Arizona, which were monies taken from plaintiffs own personal funds, and;

23) That as of the date of this writing the plaintiff is two months in default in paying the Franchisor their 6% Royalty Fees and 3% Advertisement Fees, and;

24) That the plaintiff, as of this writing is in default of the payment due on his Small Business Administration Loan for a period of 60 days, and;

25) That as of this writing the plaintiff intends to close his Cold Stone Creamery Franchise on February 29, 2008, and;

26) That the plaintiff is two months in default on the payment for rent, for his Cold Stone Creamery Franchise, as obligated to under the lease, wherein the defendant Franchisor is a primary Leasee and the plaintiff is the co-signer, and;

27) That prior to going into default, the plaintiff during the attendance of a Marketing Meeting sponsored by the defendant Franchisor, in Philadelphia on or about December of 2007, directly spoke to Daniel Beem, the current President of the Defendant Franchisor, explaining his financial hardship in an attempt to seek assistance from the Franchisor and the plaintiff was told by Mr. Beem ... **"close up your shop".**

28) That the cause of the closure of the plaintiffs Cold Stone Creamery Franchise is a result of his financial ruin, stemming from the mis-representations, bad faith, and wrongful predatory practices and schemes of the Defendant(s) to defraud the plaintiff, and deprive the plaintiff of his personal property rights, and;

29) That the Defendant(s) acted with an intentional perversion of the truth for the purpose of inducing the plaintiff to act in reliance upon the falsehoods, which they conveyed to the plaintiff, to persuade the plaintiff make a

purchase of Territorial Rights of the Defendant Franchisor, with the Defendant(s) acting with the purpose and intent of self-profit and gain, in the furtherance of *"flipping"* Territorial Rights purchased by the plaintiff at a cost of $40,000.00 to the plaintiff and ultimately 6% Royalty Fees paid to the Defendant(s), together with 3% Advertising Fees, all from the gross income of the third Territory where the plaintiff ultimately located his Cold Stone Creamery Franchise, and;

30) That the personal guarantees given by the Defendant for the purchase of the Territorial Rights and build out costs of the Cold Stone Creamery Franchise are all part of the personal property rights of the plaintiff, and;

31) That the Defendant(s) failed to live up to their duty under the lease as the primary leasees and in defaulting on the lease for a period of 60 days, breeched the written Lease Agreement, and a duty owed the plaintiff pursuant to the Lease and the Uniform Franchise Offering Circular, and;

32) That the Defendants acted with a pattern and practice of *"ultra virus"* conduct in their scheme to defraud the plaintiff, and;

33) That the Defendant(s) in acting with "bad faith", malice, intent, and sinister violated the spirit and intent of the New Jersey Franchise Practice Act as codified under New Jersey State law, and;

34) That the Defendant(s) abandonment of the plaintiff in his financial strike to maintain a fiscally sound and profitable Business Operation, as promised by the Defendant Franchisor and their Agents, acted in violation of the New Jersey Franchise Practice Act, and;

35) That as supported by the aforementioned facts and law thus far, the Defendant(s) acted with an intent and malicious motive to force the plaintiff out of business and ultimately recover the Territorial Rights as owned by the plaintiff, through default and *"flip"* the Territorial Rights to yet another victim.

## GROUND NUMBER 1

## FRAUD

36) That the plaintiff hereby incorporates all facts, averments, and law as set forth above by reference, as though fully stated herein, and;

37) That the Defendant(s) acted in a systemic pattern and practice of Fraud, based upon the facts and elements, as set forth more fully above and in bad faith, and a breach of honesty, and without a want of integrity in marketing their Franchise to the plaintiff, and;

38) That the Defendant(s) made representations with respect to negotiations to obtain a lease from a specific property within the Territorial Rights of South Plainfield, New Jersey, Middlesex County, which was purchased by the plaintiff at the sum of $42,000.00, the sum of $36,000.00 in closing costs and other Business related expenses, and $377,000.00 in financed build out costs for the Franchise location, and;

39) Wherefore, the plaintiff demands a Money Judgment in the amount of $42,000.00; $36,000.00 and in closing costs and other Business related expenses, and the sum of $377,000.00 in financed build out costs for the Franchise, in actual damages and Punitive Damages in an amount to be

determined at Trial, together with reasonable attorney fees, court costs, post judgment interest and any other relief the Court deems necessary and proper within its jurisdiction, and;

## GROUND NUMBER 2

### FRAUD

40) That the plaintiff hereby incorporates all facts, averments, and law as set forth above by reference, as though fully stated herein, and;

41) That the Defendant(s) acted in a systemic pattern and practice of Fraud, based upon the facts and elements, as set forth more fully above and in bad faith, and a breach of honesty, and without a want of integrity in marketing their Franchise to the plaintiff, and;

42) That the Defendant(s) made representations with respect to negotiations to obtain a lease from a specific property within the territorial rights of Union, New Jersey, Middlesex County, which was purchased by the plaintiff at the sum of $42,000.00, and $36,000.00 in closing costs, and;

43) Wherefore, the plaintiff demands a Money Judgment in the amount of $42,000.00; $36,000 in closing costs and/or other Business expenses, and $377,000.00 in financed build out costs for the Franchise, in actual damages and Punitive Damages in an amount to be determined at Trial, together with reasonable attorney fees, court costs, post judgment interest and any other relief the Court deems necessary and proper within its jurisdiction, and;

## **GROUND NUMBER 3**

## **FRAUD**

44) That the plaintiff hereby incorporates all facts, averments, and law as set forth above by reference, as though fully stated herein, and;

45) That the Defendant(s) acted in a systemic pattern and practice of Fraud, based upon the facts and elements, as set forth more fully above and in bad faith, and a breach of honesty, and without a want of integrity in marketing their Franchise to the plaintiff, and;

46) That the Defendant(s) made representations with respect to negotiations to obtain a lease from a specific property within the territorial rights of Ocean, New Jersey, Middlesex County, which was purchased by the plaintiff at the sum of $42,000.00, on the resale of the territorial rights from the former owner, and $36,000.00 in closing costs and other Business related expenses, and;

47) Wherefore, the plaintiff demands a Money Judgment in the amount of $42,000.00; $36,000 in closing costs and other Business related expenses, and $377,000.00 in financed build out costs for the Franchise, in actual damages and Punitive Damages in an amount to be determined at Trial, together with reasonable attorney fees, court costs, post judgment interest and any other relief the Court deems necessary and proper within its jurisdiction, and;

## GROUND NUMBER 4

## BREACH OF CONTRACT

48) That the plaintiff hereby incorporates all facts, averments, and law as set forth above by reference, as though fully stated herein, and;

49) Based upon the facts, averments and law as set forth more fully above, the Defendant(s) breached a duty and specific performance owed the plaintiff pursuant to the Uniformed Franchise Offering Circular, and New Jersey Franchise Practice Act, and;

50) Wherefore, the plaintiff demands a Money Judgment in the amount of $377,000.00 for build out costs of Franchise and $76,000.00 in costs of closing fees, purchase of Territorial Rights and other Business related expenses in actual damages, invested and collateralized by the plaintiff, through a Small Business Administration Loan financed by the Banco of Popular, North America, $76,000.00 for Territorial Rights and down payment closing costs and/or other Business expenses and Punitive Damages in an amount to be determined by a jury at Trial, together with reasonable attorney fees, court costs, post judgment interest and any other relief that the court may deem necessary or proper within its jurisdiction.

## GROUND NUMBER 5

## VIOLATION OF NEW JERSEY FRANCHISE PRACTICE ACT

51) That the plaintiff hereby incorporates all facts, averments, and law as set forth above by reference, as though fully stated herein, and;

52)   That based upon the facts, averments and law as set forth more fully above, the plaintiff charges that the Defendant(s) acted in **"bad faith"**, and abandonment of the plaintiffs property right interest as a Franchisee, and in doing so, acted in violation of the New Jersey Franchise Practice Act, and;

53)   Wherefore, the plaintiff demands a Money Judgment for Compensatory Damages in the sum of $76,000.00 for closing fees, Territorial purchase fees, and other Business expenses, and the sum of $377,000.00 for the financed build out costs of the Franchise, and Punitive Damages in an amount to be determined at Trial together with reasonable attorney fees as provided for under the Act, court costs, post judgment interest and any other relief that the Court deems necessary or proper within its jurisdiction.

## DEMAND FOR JURY TRIAL

That plaintiff hereby demands a Trial by Jury of all issues so triable in this cause of action.

Respectfully submitted,

*[signature]*
Ronald A. DeSantis
Plaintiff, Pro Se'

Dated: February 8, 2008
State of New Jersey
County of Ocean