**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                :
RONALD A. DESANTIS, <u>pro</u> <u>se</u>      :
                                :    Civil Action No.08-752(FLW)
              Plaintiff,        :
                                :       **OPINION**
      v.                        :
                                :
KAHALA CORP. INC., <u>et</u> <u>al.</u>,     :
                                :
              Defendants.       :
_____:

<u>**WOLFSON, United States District Judge**</u>:

        Presently before the Court is a motion filed by Defendants
Kahala Corp. Inc. ("Kahala"), Cold Stone Creamery, Inc. ("Cold
Stone"), Cold Stone Creamery Leasing Company, Inc. ("Cold Stone
Leasing"), and their Officers, Directors, Share/Stock Holders, and
Owners ("Individuals")(collectively, "Defendants") to dismiss all
claims brought by <u>Pro Se</u> Plaintiff Ronald A. Desantis ("Plaintiff"
or "Desantis") and strike Plaintiff's jury demand.  Essentially,
Plaintiff's five-count Complaint alleges that Defendants
collectively committed fraud, breached contracts, and violated the
New Jersey Franchise Practices Act (the "Act").  Plaintiff has
submitted his three-page opposition, with no reply papers having
been filed by Defendants.  For the following reasons, the Court
holds that Plaintiff does not have standing to bring Counts One to
Four, and that he fails to sufficiently plead in accordance with
Fed. R. Civ. P. 8(a) or 9(b) on Count Five.  Thus, all of
Plaintiff's claims are dismissed without prejudice.

**BACKGROUND**

The following facts are derived from Plaintiff's Complaint, and are taken as true for the purposes of this Motion.  Cold Stone is the franchisor of the Cold Stone Creamery franchise system. Compl. at ¶3.  Plaintiff is an owner/shareholder of A Team Creations LLC ("A Team"), which is a New Jersey limited Liability Company.  He alleges: (1) that he entered into a written agreement with Cold Stone to own and operate a Cold Stone franchise store. (Compl. at ¶¶ 14, 15, 19, 22); (2) that he initially purchased the rights to operate a Cold Stone store in South Plainfield, New Jersey; and (3) he then exchanged his South Plainfield rights for the right to operate a Cold Stone store in Union, New Jersey. Compl. at ¶¶ 7-10, 29.

Destantis next alleges that Defendants wrongfully executed a scheme to defraud him by "flipping" franchised territory rights. Accordingly, he determined that the cost to build and operate a Cold Stone store in Union was too expensive, so on his own initiative, he negotiated the purchase of the territorial rights for a store in Ocean, New Jersey, from Praveen Prasad, Neal Prasad and Cold Stone Holdings, LLC, a New Jersey limited liability company organized by the Prasads.  Compl. at ¶ 12; <u>see</u> 2006 Asset Purchase Agreement.  Plaintiff states in his Complaint that Defendants' consent to the transfer of the Ocean rights was

2

Defendants' sole role in Plaintiff's acquisition of the Ocean store. Additionally, Plaintiff alleges that non-party "Phoenix Partners, Inc." lead him to believe that "he would net approximately ($4000,000.00) FOUR HUNDRED THOUSAND DOLLARS annually." Compl. at ¶ 16.

Desantis then alleges that the Ocean store suffered unspecific financial losses for unspecified reasons. Ultimately, after having contributed additional sums of money, Plaintiff alleges that he defaulted on his business loans and rent payments, and therefore, intended to close his store. Compl. at ¶¶ 19, 20, 24-26. Plaintiff alleges that his loss was caused by Defendants' unspecified "mis-representations, bad faith, and wrongful predatory practices and schemes," acts which also allegedly violated the Act and breached contracts. Compl. at ¶¶ 28-33. In Counts One, Two and Three, Desantis alleges that Defendants acted in a "systemic pattern and practice of fraud" in selling Plaintiff the South Plainfield territorial rights, the Union rights, and Ocean rights. In Count Four, Plaintiff asserts a breach of contract claim, and in Count Five, Plaintiff alleges that Defendants violated the Acrt by acting in "bad faith."

**DISCUSSION**

**I.   Standard of Review**

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in

the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). Recently, in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

## II.  Standing

It is a well-established rule that "'a shareholder--even the

sole shareholder--does not have standing to assert claims alleging wrongs to the corporation.'" Central Jersey Freightliner, Inc. v. Freightliner Corp., 987 F.Supp. 289, 301 (D.N.J. 1997)(quoting Jones v. Niagara Frontier Transportation Auth., 836 F.2d 731, 736 (2d Cir. 1987)); see Borkowski v. Fraternal Order of Police, 155 F.R.D. 105, 113 (E.D. Pa. 1994) (same); see also Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 732 (3d Cir. 1970)("stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when the alleged injury is inflicted upon the corporation and the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares resulting from the impairment of corporate assets. In this situation, it has been consistently held that the primary wrong is to the corporate body and, accordingly, that the shareholder, experiencing no direct harm, possesses no primary right to sue"); Hetrick v. Ideal Image Dev. Corp., No. 07-871, 2008 U.S. Dist. LEXIS 5122, at *12 (M.D. Fla. Jan. 24, 2008)("Any injury to Plaintiffs, as a result of alleged violations by Ideal Image under the [Florida Franchise Act], would be an indirect injury suffered by them as shareholders who invested in the corporate franchise, Cira.  As a result, Plaintiffs, individually, do not have standing to recover their investment in Cira under the FFA").

Here, other than Count Five, the Complaint fails to allege any

facts that would give Desantis standing to assert his claims. Specifically, Plaintiff does not allege that he, personally, purchased any of the rights alleged (i.e., South Plainfield, Union or Ocean franchise stores) in the Complaint;[1] that he is the franchisee under the Franchise Agreement that A Team signed with Cold Stone; that he personally entered into a transfer agreement for the Ocean rights; and, finally, that he entered into the sublease for the Ocean store premise.

Plaintiff is an owner and investor of A Team. See Exhibit B of Tranctenberg's Dec. at p. C-44; Compl. at p.3. All of the allegations that Plaintiff have set forth relate to actions that A Team undertook, rather than his own conduct. In fact, the alleged

---

[1]

Paragraph 3 of the Complaint alleges that Plaintiff "purchased Territorial Rights from the Defendant[s] for South Plainfield, New Jersey, Middlesex County, from Defendant cold Stone Creamery, Inc., sold by Defendant Franchisor for the sum of $40,000.00, in, on, or about early 2004[.]" Compl. at ¶ 3.   As the Court may consider agreements referenced or relating to allegations in the Complaint, Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), and neither party submitted the purchase document relating to the South Plainfield rights, the Court requested Defendants to further submit such documentation referenced in the Complaint through a supplemental certification from counsel. See Entry on Docket Dated December 5, 2008.   To the extent that the Supplemental Certification outlines additional facts or documents not relevant to the issue at hand, the Court will not consider them.   The Court will only consider the relevant portion of the Certification, i.e., purchase documentation relating to South Plainfield.   Having reviewed the Supplemental Certification with its attachment of the South Plainfield Purchase Agreement, the Court is satisfied that Plaintiff did not personally enter into the purchase agreement with Defendants.   In fact, it was A Team that executed that agreement.   See Franchise Agreement Dated March 19, 2004 at p. C-40.

fraud perpetrated by Defendants was committed upon A Team.   The Court shall recite the series of agreements that Plaintiff has relied upon for the basis of his fraud allegations.

First, Plaintiff relies upon a disclosure document, the Uniform Franchise Offering Circular ("UFOC"), which is a pre-sale disclosure document that was provided before A Team purchased any Cold Stone territory or franchise.   No parties signed the disclosure.   As is clear from the face of the document, it is not a contract. See generally, UFOC. Second, on April 26, 2006, Cold Stone and A Team, not Plaintiff, entered into a franchise agreement for the operation of the Ocean store.   A Team, the franchisee under the Agreement, is not a party to this action.   See Franchise Agreement Dated April 26, 2006 at p. C-44.   Next, Plaintiff references a 2006 asset purchase agreement which A Team entered into with the Prasads.   Pursuant to the purchase agreement, the Prasads sold, and A Team purchased, the Ocean territorial rights and related interests. See The 2006 Asset Purchase Agreement at p.1.   It is clear from the face of the purchase agreement that the Prasads are third parties and not representatives of Defendants. See Id.

Plaintiff also referenced in his Complaint the Transfer and Consent Agreement between the Prasads and A Team.   On July 21, 2006, both parties entered into a Transfer Agreement for the Ocean rights.   In paragraph 2(h) of the Transfer Agreement, the Prasads

and A Team agreed that "[n]either Cold Stone nor Cold Stone's Affiliates (as defined below) had any part in bringing about the Transfer." <u>See</u> Transfer Agreement Dated July 21, 2006 at ¶ 2(h). In addition, the Agreement reflected that "neither Cold Stone nor any representative or agent has made any representation or warranty of any kind with respect to sales or earnings of the Franchised Business." <u>Id.</u> at ¶ 2(I). Clearly, Defendants are not parties to this particular agreement. The last document that Plaintiff referenced is the Sublease that Cold Stone and A Team entered into on in June 2006. Again, Plaintiff himself was not a party to this Sublease. <u>See</u> Sublease dated June 28, 2006.

Having reviewed the record, the Court finds that Plaintiff fails to allege any direct injury to him, personally, from the alleged wrongdoings of Defendants.[2]  As such, Plaintiff fails to establish standing to bring the claims against Defendants.  It appears that A Team is only party who could assert the claims brought by Plaintiff.  Accordingly, the Court will dismiss Counts

---

[2] Plaintiff argues in his Opposition that the Complaint should not be dismissed because "it is the province of a Jury to determine the facts at trial and not for the Court . . . . Additionally, the defendant[s] seemingly overlook the fact that Federal Judicial Proceedings provide the parties with a Fundamental right of Discovery , which is an essential part of a fair and impartial trial." Plaintiff's Opposition to Defendants' Motion to Dismiss at ¶¶ 1-2.  Plaintiff's arguments do not address any of Defendants' contentions on the merits.  Accordingly, the Court notes that it has received and reviewed Plaintiff's Opposition, however, the Court finds the Opposition fails to address any of the legal issues set forth by Defendants.

One to Four without prejudice for lack of standing.

**III. Count Five**

The Court will also dismiss Count Five without prejudice because Plaintiff fails to plead sufficiently to state a claim under the Act.  In Count Five, Plaintiff simply alleges that Defendants acted in "bad faith," and abandoned Plaintiff's property right interests as a franchisee.  Plaintiff's allegations are related to the purchase of the franchise.  However, Plaintiff fails to cite any provision of the Act that would support a claim based on his allegations.  The bad faith language Plaintiff relies on is also not contained in the Act.  See N.J.S.A. 56:10-1, et seq. Plaintiff's vague assertions fail to provide Defendants fair notice of the grounds upon which the claim rests pursuant to Rule 8(a). See Fed. R. Civ. P. 8(a)(pleading requires a short and plain statement of the claim showing that the pleader is entitled to relief).  Furthermore, to the extent Plaintiff is alleging fraud, he has certainly failed to plead under the heightened pleading standards of Rule 9(b).  See Fed. R. Civ. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").  As such, Count Five is dismissed without prejudice.[3]  Additionally, Defendants' request to strike jury demand is denied as moot.

---

[3]Should Desantis decide to bring another suit on behalf of A Team, the Corporate entity must have its own legal representation as it cannot appear pro se.

Dated:  December 9, 2008                    /s/Freda L. Wolfson
                                            Freda L. Wolfson, U.S.D.J.